UNITED STATES DISTRICT COURT
FOR THE District of Columbia
U.S. Clerk's Office

UNITED STATES OF AMERICA

                     Plaintiff,

v.                                          Case No.: 1:08–cr–00133–RMU

                                          Judge Ricardo M. Urbina

DAVINA BENNETT

                     Defendant.

## **STANDING ORDER FOR CRIMINAL CASES** [1]

**READ THIS ORDER CAREFULLY.   IT CONTROLS THIS CASE.**

    In order to administer this case in a manner consistent with the highest quality of justice, it is ORDERED that the parties comply with the following requirements:

1.    *GUIDELINES FOR SUBMISSIONS*
The parties must ensure that motions and related submissions comply with Local Criminal Rule 47. A party filing or opposing a motion must include a proposed order setting forth the relief or action sought. With regard to format, submissions should be double–spaced, in 12–point Times Roman or Courier font, with page numbers and margins of no less than one inch. All citations contained in submissions must include exact page references (pincites). Memoranda of points and authorities in support of and in opposition to motions must not exceed 45 pages, and replies must not exceed 25 pages.

2.    **COURTESY COPIES FOR CHAMBERS**
The court will not accept courtesy copies of submissions unless the matter to which the submission relates is set for hearing within the next 7 business days.[2] In such circumstances, before delivering the courtesy copy to chambers, parties should:
    a.    file the original submission with the Clerks office; and
    b.    indicate the hearing date on the courtesy copy and the delivery envelope.

3.    **COMMUNICATIONS WITH CHAMBERS**
Except as authorized in this order, the parties should not contact chambers by telephone. If extraordinary circumstances or emergencies require it, however, counsel should contact chambers jointly via conference call to avoid ex parte communications. Chambers may not provide legal advice of any kind.

4.    **MOTIONS FOR EXTENSION OF TIME**
Because the parties should work within the time frames set by court order, the court strongly discourages the filing of motions for extension of time. When good cause is present, however, the court will consider motions for extension of time that:

    a.    are filed at least 4 business days prior to the deadline the motion is seeking to extend; and
    b.    include:
        i.    the number of previous extensions of time granted;
        ii.    the good cause supporting the motion;
        iii.    a statement of the effect that the granting of the motion will have on existing deadlines;
        iv.    for a motion that seeks to extend the deadline for a dispositive motion, suggested deadlines (reached in consultation with the opposing party) for the filing of the opposition and reply; and
        v.    a statement of the opposing partys position on the motion.

5. **MOTIONS TO RESCHEDULE A HEARING**
   Because the parties should work within the time frames set by court order, the court also strongly discourages the filing of motions to reschedule a hearing. When good cause is present, however, the court will consider a motion to reschedule that:

   a. states the good cause supporting the motion;
   b. states the opposing partys position on the motion;
   c. suggest 4 alternative dates and times that are convenient to both parties; and
   d. are filed at least 2 business days prior to the hearing. If unforeseeable circumstances prevent a timely filing, the moving party will detail those circumstances explaining why the motion is filed out of time.

6. **DISCOVERY**
   The court strongly encourages the parties to attempt to resolve all discovery disputes informally. If a party must file a motion pertaining to a discovery matter, the motion must comply with Local Criminal Rule 16.1.[3]

7. *PLEA HEARINGS*
   At least 2 business days before the hearing, the parties must submit to the court:

   a. the plea agreement;
   b. the list of elements for each count;
   c. the factual proffer; and
   d. if applicable, the superseding indictment or new information.

8. **JOINT PRETRIAL STATEMENT**
   The parties must file with the court a Joint Pretrial Statement at least 10 business days before the pretrial conference. The Joint Pretrial Statement must include:

   a. <u>a one–paragraph joint statement of the case</u> for the court to read to prospective jurors;
   b. <u>proposed voir dire questions</u> that indicate:

      i. the voir dire questions on which the parties agree; and
      ii. the voir dire questions on which the parties disagree, with specific objections noted below each disputed question and supporting legal authority (if any);

   c. <u>a list of proposed jury instructions</u>,[4] followed by the text of each proposed instruction, that indicates:

      i. the instructions on which the parties agree;
      ii. the instructions on which the parties disagree, with specific objections noted below each disputed instruction and supporting legal authority (if any); and
      iii. the proposed instructions source (e.g., the Red Book, Matthew Benders Federal Jury Instructions) or, for modified or new instructions, its supporting legal authority (e.g., United States v. Taylor, 997 F.2d 1551, 1555–56 (D.C. Cir. 1993));

   d. <u>a list of expert witnesses</u>, accompanied by a brief description of each witness area of expertise and expected testimony, followed by specific objections (if any) to each witness;
   e. <u>any motions in limine</u>, with citations to legal authority, that the parties reasonably anticipate will arise at trial, accompanied by any oppositions and replies thereto;
   f. <u>a list of prior convictions</u> that the government intends to use for impeachment or any other purpose, followed by specific objections (if any) to that use;
   g. <u>a list of exhibits</u>, followed by numbered copies of the exhibits, that each party intends to offer during trial (except that if the total number of pages exceeds 25, the parties should submit the exhibits in a separate binder);
   h. <u>any stipulations</u>, signed by counsel and the defendant(s); and
   i. <u>a proposed verdict form</u>, as well as proposed special interrogatories (if any), that includes a date and signature line for the jury foreperson.

The parties must submit to chambers both a printed and an electronic (computer disk) copy of the Joint Pretrial Statement. With regard to format, the Joint Pretrial Statement should be double–spaced, in 14–point [5] Times Roman font, preferably in WordPerfect, with margins of no less than one inch. The jury instructions section should be formatted so that each individual jury instruction begins on a new page. Finally, the printed copy should be three–hole punched, with each of the 9 sections separated by labeled tab dividers. The court expects the parties to visit the courts website (www.dcd.uscourts.gov/RMUrbina–page.html) or chambers to view a Joint Pretrial Statement exemplar.

9. **MOTIONS IN LIMINE**
   The court will entertain late motions for which there is a compelling explanation only if filed at least 8 business days prior to the date set for jury selection. Oppositions to late motions must be filed at least 5 business days prior to jury selection, and replies must be filed at least 4 business days prior to jury selection. The court will not consider motions in limine that relitigate issues already resolved by the court.

10. **TRIAL PROCEDURES**
    The following rules are intended to ensure that the trial proceeds with efficiency, dignity, and congeniality.

    a. Schedule:  Unless the parties are otherwise notified, the court will convene the jury portion of the trial from 10:00 a.m. to 12:30 p.m. and 1:45 p.m. to 4:30 p.m., Monday through Friday.  The parties must be in the courtroom at least 5 minutes before court is scheduled to begin or resume.
    b. General Courtroom Rules:  The court expects the parties to exercise civility at all times. Unless leave is otherwise granted, counsel shall
        i. examine witnesses or address the jury from the lectern;
        ii. obtain permission before approaching a hostile or adverse witness;
        iii. stand when raising objections;
        iv. remain seated when the jury is entering or leaving the courtroom;
        v. remain in the courtroom once court is in session;
        vi. direct all statements to the court rather than to the opposing party; and
        vii. refer to all witnesses as Mr. or Ms. rather than first name or nickname.
        viii. avoid communicating personal opinions to the jury by statement or expression; and
        ix. while in the presence of the jury, avoid posing questions or engaging in procedures that carry a risk of undue prejudice, or that by law or custom require judicial pre–approval.
    c. Voir Dire:  The court will conduct voir dire based on the proposed voir dire questions submitted by the parties, and, where warranted, will allow the parties to ask additional questions of prospective jurors at the bench.
    d. Technical Equipment:  Parties who would like to use technical equipment (e.g., overhead projectors, video display monitors) must contact the Courtroom Technology Administrator of the Clerks office at (202) 354–3019.
    e. Motions or Objections During Trial:  With regard to motions to be resolved on the following trial day, the parties must submit motions to the court (by fax transmission to (202) 354–3392 or by hand–delivery) and the opposing party by no later than 7:00 a.m. on the trial day. The opposing party must submit its response (if any) to the court and the opposing party by no later than 7:45 a.m. on the same day. With regard to objections, the parties must state clearly and succinctly the legal basis for the objections. To protect the record for appellate review, a party may explain or amplify its objections on the record after the jury has been excused. Parties should not request bench conferences in lieu of filing motions or raising objections. If a party plans to engage in a line of inquiry that requires judicial pre–approval (e.g., missing witness or evidence, or potentially inflammatory subjects), however, the party may seek a bench conference.
    f. Sua Sponte Jury Instructions: If events during trial necessitate the immediate giving of a sua sponte jury instruction, the party requesting the instruction must provide the court with the text of the proposed instruction or else the court will consider the request

    waived. If a party would like the instruction included in the courts final instructions to the jury, that party bears the responsibility of making such a request to the court by no later than 4:00 p.m. on the day prior to the day on which the court will give the final instructions.

  g. Direct and Cross–Examination: On direct or cross–examination of a witness, counsel must not:

    i. testify by improperly incorporating facts into questions so as to put before the jury information that has not been received into evidence;

    ii. use an objection as an opportunity to argue or make a speech in the presence of the jury; or

    iii. show the jury a document or any other item that has not yet been received into evidence without leave of the court.

  h. <u>Witnesses</u>: A party calling a witness must arrange for the witness presence until cross–examination is completed. Failure to have a witness present for cross-examination is grounds for striking the witness testimony. Except in extraordinary circumstances, the court will not recess simply because a witness is unavailable. The court will endeavor to accommodate out–of–town and expert witnesses if counsel alerts the court ahead of time. With the exception of the parties or their representatives, all witnesses must remain outside the courtroom except when testifying. Counsel must instruct witnesses not to discuss their testimony after leaving the stand. Except for a defendant–witness, counsel calling a witness (including law enforcement officers or investigators) to testify must have no further discussions with that witness concerning any aspect of the testimony already given or anticipated after the witness has been tendered for cross–examination and until the witness has been tendered back for redirect examination. With regard to a defendant–witness, the court refers the parties to the guidelines set forth in United States v. McLaughlin, 164 F.3d 1, 4–7 (D.C. Cir. 1998), cert. denied, 529 U.S. 1079 (1999).

  i. <u>Exhibits</u>: Parties who plan to tender exhibits must provide an exhibit list to the courtroom deputy. Exhibits should be marked by number (1, 2, 3); groups of exhibits should be marked by number and letter (1A, 1B, 1C).

  j. <u>Closing Arguments</u>: Throughout the trial and in closing arguments, parties must not:

    i. comment adversely on the failure of a defendant to testify on his or her own behalf;

    ii. make statements of personal belief to the jury;

    iii. engage in personal attacks on other counsel;

    iv. appeal to the self–interest of the jurors;

    v. make potentially inflammatory racial, political, or religious comments;

    vi. state personal opinions that concern the credibility of witnesses or that imply personal knowledge;

    vii. comment on or argue inferences from matters or facts that are not in evidence or that have been excluded;

    viii. allude to appellate processes;

    ix. make remarks likely to invoke the jurys sympathy or to excite the jurys prejudice and passions;

    x. make statements regarding the consequences of the jury verdict (e.g., messages to society via the verdict or potential punishment); or

    xi. make any golden rule argument (i.e., arguments in which the government asks jurors to place themselves or their loved ones in the shoes of the victim, or the defense asks jurors to place themselves or their loved ones in the shoes of the defendant).

11. ***SENTENCING HEARINGS***

The probation officer assigned to the case must disclose the draft pre–sentence investigation report to the parties 30 business days after the date of the courts referral. The parties must submit objections (if any) to the probation officer within 8 business days of that disclosure. The probation officer must disclose to the parties and file with the court the final pre–sentence investigation report within 8 business days of the submission of objections. A party wishing to submit a memorandum in aid of sentencing must do so no later than 8 business days after the probation officer discloses the final pre–sentence investigation report, with responses (if any) due 4 business days thereafter. These memoranda and any responses thereto must cite to supporting legal

authority.

**SO ORDERED.**

RICARDO M. URBINA<br>United States District Judge

---

[1] Revised Jan. 2008. This Order is available at www.dcd.uscourts.gov/RMUrbina−page.html.

[2] A business day is any day that is not a Saturday, Sunday, or legal holiday as defined by Federal Rule of Criminal Procedure 45(a). In all sealed cases, parties will deliver a courtesy copy to chambers of any submission on the day it is filed with the court. This will help the court avoid the delay in receiving notice of the sealed matter issue.

[3] The Local Criminal Rules are available at www.dcd.uscourts.gov/rules.html.

[4] The parties should exclude those instructions already incorporated in the courts standard preliminary and final jury instructions. The courts standard preliminary jury instructions include variations of Red Book Instructions 1.02−04, 1.07, 1.20−22, and 2.01−08. The courts standard final jury instructions include Red Book Instructions 1.02, 2.01−08, the Taylor reasonable doubt instruction, 2.10−11, 2.14, and 2.71−77. At trial, the parties will receive a copy of both sets of instructions, modified to include those additional instructions requested by the parties and accepted by the court.

[5] Motions in limine and stipulations may be in 12−point font.